# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| DUKA BAUMGARTNER,              * | |
| * | No. 15-970V |
| Petitioner,    * | Special Master Christian J. Moran |
| * | |
| v.                      * | |
| * | Filed: December 13, 2017 |
| SECRETARY OF HEALTH   * | |
| AND HUMAN SERVICES,    * | Attorneys' fees and costs; waiver |
| * | |
| Respondent.    * | |

* * * * * * * * * * * * * * * * * * *

Andrew M. Krueger, Krueger & Hernandez SC, Middleton, WI, for Petitioner;
Adriana R. Teitel, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

After receiving compensation through the Vaccine Program, Duka Baumgartner filed a motion for attorneys' fees and costs. Ms. Baumgartner is awarded the full amount of her request, **$34,491.33**.

\*   \*   \*

Ms. Baumgartner alleged that the influenza vaccination caused her to suffer dyshidrosis. The parties agreed to a stipulation resolving the amount of compensation. The stipulation was incorporated into a decision awarding Ms. Baumgartner's compensation. Decision, issued Sept. 28, 2017, 2017 WL 4782994.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

With the merits of Ms. Baumgartner's case resolved, the parties addressed attorneys' fees and costs.

Ms. Baumgartner filed an attorneys' fees and costs petition on July 20, 2017, requesting $29,583.70 in fees and $4,507.63 in costs. Ms. Baumgartner incurred $400.00 in costs personally. Statement Regarding Gen. Order No. 9, filed July 25, 2017.

The Secretary filed a response representing that he "does not object to the overall amount sought, so long as petitioner's request is considered a final request." Resp't's Resp., filed Aug. 7, 2017, at 1. Ms. Baumgartner confirmed in a reply filed on August 14, 2017, that her fees request was final, as long as the then-pending settlement was approved.

This matter is now ripe for adjudication.

*   *   *

Because Ms. Baumgartner received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e).

Pursuant to the rationale established in Swintosky v. Sec'y of Health & Human Servs., No. 12-403V, 2017 WL 5899239 (Fed. Cl. Spec. Mstr. Nov. 6, 2017),[2] the Secretary has waived any objections to the amount of fees requested. Absent any objections, Ms. Baumgartner's request for attorneys' fees and costs is GRANTED IN FULL:

 a. **A lump sum of $34,091.33 in the form of a check made payable to petitioner and petitioner's attorney, Andrew M. Krueger; and**

 b. **A lump sum of $400.00 in the form of a check made payable to petitioner.**

These amounts represent reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for

---

[2] In Swintosky, the parties submitted a joint notice of decision not to seek review of the Fees Decision.

review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.